UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL GONZALEZ LEAL,<br><br>Petitioner,<br><br>v.<br><br>U.S. ATTORNEY GENERAL, et al.,<br><br>Respondents. | No.  1:26-cv-02955-DAD-CSK (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S PENDING MOTION AS MOOT<br><br>(Doc. Nos. 1, 7, 9) |

On April 20, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.)  On May 4, 2026, petitioner filed a motion for temporary restraining order requesting his immediate release.  (Doc. No. 7.)  On May 5, 2026, the court set a briefing schedule as to petitioner's motion for a temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided.  (Doc. No. 8.)

On May 5, 2026, respondents filed an opposition to the motion for temporary restraining order, in which they state that they rest on their prior briefing in this action (Doc. No. 4).  (Doc. No. 6.)  In that earlier opposition, respondents argued in pertinent part that petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2) (Doc No. 4 at 1–2), an argument which the undersigned has rejected on several prior occasions.  *See Wasef v. Chestnut*, No. 1:26-cv-01078-DAD-JDP (HC),

1

2026 WL 392389, at *2–3 (E.D. Cal. Feb. 12, 2026).  Respondents also state in their opposition that they do not oppose the court resolving the underlying petition for writ of habeas corpus on the current briefing before the court.[1]  (Doc. No. 9 at 1.)

Based upon a review of the briefing, the court finds the following facts.  Petitioner entered the United States at an unknown date and time.  (Doc. No. 4-1 at 2.)  On February 26, 2026, petitioner encountered immigration authorities after being detained by Florida state law enforcement and was placed into detention pending completion of his removal proceedings.  (*Id.*)  It is unclear from the current briefing before the court whether petitioner was previously released by immigration authorities since respondents' evidence indicates that petitioner was encountered for the first time on February 26, 2026 (Doc. No. 4-1) but respondents state in their briefing that petitioner was previously released (Doc. No. 4 at 3).  The court finds, given respondents' evidence, that petitioner was not previously released by immigration authorities.

The court incorporates and adopts the reasoning set forth in its prior order *Quichimbo-Jimenez v. Warden*, No. 2:26-cv-00739-DAD-EFB, 2026 WL 679378 (E.D. Cal. Mar. 10, 2026), in which the court concluded that the structure of the Immigration and Nationality Act required a bond hearing for noncitizens who have been detained by immigration authorities and who have: (1) entered the United States without inspection; (2) were not apprehended on arrival; and (3) are not otherwise subject to mandatory detention.  Accordingly, the court concludes that petitioner is not lawfully detained pursuant to 8 U.S.C. § 1225.

Respondents argue only that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225, an argument which the court has rejected above.  In their opposition, respondents do not identify any alternative statute under which petitioner may be legally detained.  The court therefore finds that petitioner has met his burden to show that his detention pursuant to 8 U.S.C. § 1225 is unlawful and that respondents have not demonstrated that his continued detention is authorized by statute.  Respondents do state that petitioner had an "encounter with law

---

[1]  Respondents request that the court vacate its no-transfer order issued on May 5, 2026 (Doc. No. 8). (Doc. No. 9 at 1–2.)  Because the court orders that respondents release petitioner from their custody, the court will deny this request as having been rendered moot by this order.

2

enforcement" but do not argue that this fact distinguishes this case from the circumstances addressed in this court's prior orders and do not cite any statutory authority that would authorize petitioner's detention if petitioner had an encounter with law enforcement.  (Doc. No. 4 at 3.) Accordingly, the court incorporates its reasoning set forth in *Cardenas v. Chestnut, et al.*, No. 1:26-cv-02073-DAD-SCR (HC), 2026 WL 785871 (E.D. Cal. Mar. 20, 2026) and *J.P.C. v. Chestnut, et al.*, 1:26-cv-02108-DAD-JDP, 2026 WL 788129 (E.D. Cal. Mar. 20, 2026) and finds that the appropriate remedy is petitioner's immediate release from custody because respondents has failed to provide authority for petitioner's detention.

For the reasons above,

1.     Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a.     Respondents are ORDERED to immediately release petitioner Miguel Gonzalez Leal, A-File No. 221-486-606, from respondents' custody on the conditions, if any, he was subject to prior to his detention on February 26, 2026;

    b.     Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing the burden will be set in accordance with 8 U.S.C. § 1226(a) and its implementing regulations;

2.     Petitioner's motion for a temporary restraining order (Doc. No. 7) and respondents' request for vacatur of the court's no-transfer order (Doc. No. 9) are DENIED as having been rendered moot by this order granting the petition for habeas relief on the merits;

3.     The Clerk of the Court is directed to serve a copy of this order on the California City Detention Center; and

/////

/////

4.     The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **May 6, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

4